12/13/2019 12:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39236240
By: C Ougrah
Filed: 12/13/2019 12:17 PM

**2019-88131 / Court: 157**

CAUSE NO. _____

| | | |
|---|---|---|
| **CHRISTOPHER HALE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PROGRESSIVE CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |

<u>**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND**</u>
<u>**AND REQUEST FOR DISCLOSURE**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **CHRISTOPHER HALE**, Plaintiff in the above entitled and numbered cause, complaining of and against **PROGRESSIVE CASUALTY INSURANCE COMPANY (hereinafter "PROGRESSIVE")**, Defendant herein, and for causes of action would respectfully show unto the Court the following:

**I.**
<u>**DISCOVERY CONTROL PLAN**</u>

1.0    Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.

**II.**
<u>**PARTIES**</u>

2.0    Plaintiff is a resident of Harris County, Texas.

2.1    Defendant, **PROGRESSIVE CASUALTY INSURANCE COMPANY**, is a Foreign Corporation authorized to do business in the State of Texas and may be served through its registered agent of service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

2.4    Whenever in this petition, it is alleged that a Defendant did or failed to do any act or thing, it is meant that the Defendant's governing body, directors, officers, agents, servants, employees and/or representatives and/or independent contractors subject to its control, did or failed to do any

act or thing that, at the time such conduct occurred, it occurred with the authorization or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of the Defendant, and/or pursuant to Defendant's direction and control.

### III.
### JURISDICTION & VENUE

3.0     Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, Texas. This Court has jurisdiction over the parties and subject matter hereof. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

### IV.
### FACTS

4.0     This lawsuit is necessary as a result of personal injuries suffered by Plaintiff in a motor vehicle collision on or about August 31, 2018, in Harris County, Texas. On that day, Plaintiff requested a ride through the digital network controlled by transportation network companies UBER TECHNOLOGIES, INC. and RAISER, LLC. While riding as a passenger, the vehicle occupied by Plaintiff was rear-ended by a vehicle who was first rear-ended by an additional vehicle. As a result, Plaintiff sustained personal injuries requiring medical treatment. The collision forming the basis of this suit was proximately caused solely by the negligence of Mackenzie Kris Miracle Rousso ("tortfeasor").

### V.
### NEGLIGENCE OF DEFENDANT

**A. MACKENZIE KRIS MIRACLE ROUSSO**

5.0     At the time of the accident made the basis of this suit, **MACKENZIE KRIS MIRACLE ROUSSO**, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of Tex Transp. Code Ann §545.053;

2. In failing to keep a safe following distance;

3. In failing to timely apply her brakes; and

4. In failing to operate the vehicle in a reasonable and prudent manner.

5.1 Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff. Additionally, the tortfeasor's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

## VI.
## LIABILITY OF PROGRESSIVE CASUALTY INSURANCE COMPANY

5.0 On August 31, 2018 the date of the incident, Plaintiff was covered by insurance issued by the Defendant **PROGRESSIVE**, Claim # 18-2656586, issued for the period encompassing the date of the accident. This policy included coverage for such damages.

## VII.
## 1ST CLAIM AGAINST DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY: BREACH OF EXPRESS AND IMPLIED CONTRACT

6.0 Defendant **PROGRESSIVE** agreed, through their issued contract/policy of automobile insurance, to provide to Plaintiff Underinsured Motorists Protection ("UIM"). Consideration was paid in the form of premiums, which were fully paid and the policy issued to Plaintiff was in full force and effect when the loss occurred.

6.1 Defendant **PROGRESSIVE** was timely informed of the loss and that Plaintiff intended to make a claim for benefits of the issued contract/policy. Plaintiff's claim was presented to Defendant **PROGRESSIVE** and was fully documented by Plaintiff. In derogation of their duty, Defendant **PROGRESSIVE** materially breached its contractual duty to Plaintiff by

failing to pay Plaintiff an amount sufficient to compensate Plaintiff for the injuries and damages sustained as a result of the accident made the basis of this suit.

6.2   As a proximate result of the material breach by Defendant **PROGRESSIVE**, Plaintiff suffered consequential damages, including the denial of benefits due to him under the terms of the UIM motorists' policy. Plaintiff seeks imposition of the statutory penalties as set out in the Texas Insurance Code.

## VIII.
### ENFORCEMENT AND/OR BREACH OF UNDERINSURED MOTORIST COVERAGE

7.0   Having determined that Plaintiff was, at the time of the occurrence described above, operating an underinsured motor vehicle, as the term is defined in the policy of insurance, Plaintiff timely and properly notified **PROGRESSIVE** of the collision. Plaintiff is a beneficiary under the **PROGRESSIVE** policy of insurance in question. Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, **PROGRESSIVE** has failed and refused, and still fails and refuses, to pay Plaintiff the underinsured motorists benefits under the applicable policy(ies), as it is contractually required to do so.

7.1   Under the terms and provisions of this policy/contract with Defendant **PROGRESSIVE**, Plaintiff is entitled to receive the benefits necessary to be compensated for his loss. Plaintiff is a valid "covered person" under this policy at the time of the occurrence in question and sustained damages. Plaintiff therefore is entitled to collect benefits provided by the policy of Defendant **PROGRESSIVE** and for such benefits he now sues. Nonetheless, despite being aware of all the underlying facts, circumstances and damages, without reasonable basis Defendant **PROGRESSIVE** has failed and refused to pay the amounts due to Plaintiff and honor its obligation under the terms of the policy it issued.

7.2     All conditions precedent for bringing this suit and to establish Plaintiff's entitlement to benefits under Plaintiff's insurance policy have been performed or have occurred, including giving Defendant **PROGRESSIVE** written notice and providing the necessary documentation of Plaintiff's and damages.

## IX.
### 2ND CLAIM AGAINST DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.0     Defendant **PROGRESSIVE'S** conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured in insurance contracts, due to the special relationship that exists between and insurance carrier and its' insured.

8.1     An insurance carrier is liable for breaching its duty of good faith and fair dealing owed to its insured when it fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim, as Defendant **PROGRESSIVE** has done in this case.

8.2     Defendant **PROGRESSIVE'S** breach of its duty of good faith and fair dealing proximately caused Plaintiff's damages.

## X.
### 3RD CLAIM AGAINST DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY: VIOLATIONS OF TEXAS INSURANCE CODE - UNFAIR SETTLEMENT PRACTICES

9.0     Defendant **PROGRESSIVE'S** conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices. TEX. INS. CODE §542.003(b). All violations made under this article are made actionable by TEX. INS. CODE §542.060.

9.1     Defendant **PROGRESSIVE'S** conduct constituted unfair claim settlement practices, as described above, when it failed to adopt and implement reasonable standards for the prompt investigation of claims arising under Defendant's policies in violation of Texas Insurance Code Section 542.003(b)(3).

9.2   Defendant **PROGRESSIVE'S** conduct constituted unfair claim settlement practices, as described above, when it failed to attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Texas Insurance Code Section 542.003(b)(4).

## XI.
## DAMAGES

10.0   Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law. Said elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are the following:

10.1   Said elements of damage which Plaintiff seeks to recover from Defendants include compensation for the following:

1.  The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2.  The physical pain and mental anguish that Plaintiff will suffer in the future;

3.  Loss of earnings sustained by Plaintiff from date of injury to time of trial;

4.  Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5.  Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6.  Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7.  Past and future physical disfigurement; and

8.  Past and future physical impairment;

As such, Plaintiff affirmatively pleads that he monetary relief over $200,000.00 but not more than $1,000,000.00.

10.2 Further, Plaintiff would show that the Defendant **PROGRESSIVE** is liable for all compensatory and consequential damages, including the benefits due under the **PROGRESSIVE** policy, plus costs of court, prejudgment interest at the maximum legal rate, legal expenses and reasonable attorney's fees arising from Defendant **PROGRESSIVE'S** violation of the Texas Insurance Code and for Defendant's material breach of the policy of insurance and as provided by the Texas Insurance Code and common law.

10.3 Plaintiff is also entitled to recover from Defendant **PROGRESSIVE**, in addition to the amount of the claim, interest on the amount of his claim at the rate of 18% per year of the amount payable under the policy as damages under the Texas Insurance Code, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## XII.
## REQUEST FOR JURY TRIAL

11.0 Plaintiff requests a jury trial.

## XIII.
## ALTERNATIVE PARAGRAPH NO. 1

12.0 In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the tortfeasor causing the collision forming the basis of this suit.

## XIX.
## ALTERNATIVE PARAGRAPH NO. 2

13.0 In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the tortfeasor causing the collision forming the basis of this suit.

## XV.
### REQUEST FOR DISCLOSURE

14.0 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described below. Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

14.1 Plaintiff requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of Defendant's claims or defenses;

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

    (1) the expert's name, address, and telephone number;

    (2) the subject matter on which the expert will testify;

    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendant, documents reflecting such information;

    (4) if the expert is retained by, employed by, or otherwise subject to the control of Defendant:

        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B) the expert's current resume and bibliography;

(g) any discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

## XVI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, a sum over $200,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiff deemed himself entitled.

Respectfully submitted,

**STERN LAW GROUP**

By: */s/ Mark B. Levin*
**MARK B. LEVIN**
SBN: 12254020
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
Email: mlevin@stern-lawgroup.com

**ATTORNEYS FOR PLAINTIFF**