**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HALE** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-00281** |
| | § | |
| **UNITED FINANCIAL** | § | |
| **CASUALTY COMPANY** | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, **CHRISTOPHER HALE**, Plaintiff in the above entitled and numbered cause, complaining of and against, UNITED FINANCIAL CASUALTY COMPANY, Defendant herein, and for causes of action would respectfully show unto the Court the following:

### I. PARTIES

1.0    Plaintiff is a resident of Harris County, Texas.

1.1    Defendant, UNITED FINANCIAL CASUALTY COMPANY, is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with service of process by serving their attorney of record Mr. Mark Lapidus, of the law Firm of Lapidus Knudsen, PC, 808 Travis, 18th Floor, Houston, Texas 77002.

### II. JURISDICTION & VENUE

2.0    Venue is proper in this Court. This Court has jurisdiction over the parties and subject matter hereof, as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### III. FACTS

3.0    This lawsuit is necessary as a result of personal injuries suffered by Plaintiff in a motor vehicle collision on or about August 31, 2018, in Harris County, Texas.  On that day, Plaintiff requested a ride through the digital network controlled by transportation network companies UBER

TECHNOLOGIES, INC. and RAISER, LLC. While riding as a passenger, the vehicle occupied by Plaintiff was rear-ended by a vehicle who was first rear-ended by an additional vehicle. As a result, Plaintiff sustained personal injuries requiring medical treatment. The collision forming the basis of this suit was proximately caused solely by the negligence of Mackenzie Kris Miracle Rousso ("tortfeasor").

**IV.**
**FIRST CAUSE OF ACTION**
**NEGLIGENCE OF MACKENZIE KRIS MIRACLE ROUSSO**

**A. MACKENZIE KRIS MIRACLE ROUSSO**

4.0    At the time of the accident made the basis of this suit, **MACKENZIE KRIS MIRACLE ROUSSO**, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1.    In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of Tex Transp. Code Ann §545.053;

2.    In failing to keep a safe following distance;

3.    In failing to timely apply her brakes; and

4.    In failing to operate the vehicle in a reasonable and prudent manner.

4.1    Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff. Additionally, the tortfeasor's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

**V.**
**LIABILITY OF UNITED FINANCIAL CASUALTY COMPANY**

5.0    On December 1, 2018, the date of the incident, Plaintiff was covered by insurance issued by Defendants for the period encompassing the date of the collision. This policy included

coverage for uninsured motorist coverage, which provided coverage in the event an uninsured negligent third party ("tortfeasor") caused an auto collision, as in the case at hand.

5.1     Under the terms and provisions of this policy/contract with Defendant, Plaintiff is entitled to receive the maximum UM benefits believed to be at least $1,000,000.00 per person under the Policy of insurance issued by Defendants. Plaintiff is a valid "covered person" under this policy at the time of the occurrence in question and sustained damages in excess of the liability insurance coverage for the other driver. Plaintiff therefore is entitled to collect benefits provided by the policy of Defendant and for such benefits she now sues. Nonetheless, despite being aware of all the underlying facts, circumstances and damages, without reasonable basis Defendant has failed and refused to pay the amounts due to Plaintiff and honor its obligation under the terms of the UM policy it issued.

5.2     All conditions precedent for bringing this suit and to establish Plaintiff's entitlement to UM benefits under Plaintiff's UM policy have been performed or have occurred.

5.3     At all pertinent times, a valid and enforceable contract between Plaintiff and Defendant was in full force and effect.

5.4     Defendant was timely informed of the loss and that Plaintiff intended to make a claim for UM benefits of the issued contract/policy. Plaintiff's claim was presented to Defendants and was fully documented by Plaintiff. In derogation of their duty, Defendant materially breached its contractual duty to Plaintiff by failing to pay Plaintiff an amount sufficient to compensate Plaintiff for the injuries and damages sustained as a result of the collision made the basis of this suit.

5.5     As a proximate result of the material breach by Defendant, Plaintiff suffered consequential damages, including the denial of benefits due to her under the terms of the

uninsured motorists' policy, and including court costs and legal expenses, such as reasonable attorneys' fees.

## VI.
## DAMAGES

6.0   Said elements of damage which Plaintiff seeks to recover from Defendant include compensation for the following:

1.   The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2.   The physical pain and mental anguish that Plaintiff will suffer in the future;

3.   Loss of earnings sustained by Plaintiff from date of injury to time of trial;

4.   Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5.   Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6.   Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7.   Past and future physical disfigurement; and

8.   Past and future physical impairment.

As such, Plaintiff affirmatively pleads that he seeks monetary relief over $200,000.00, but not more than $1,000,000.00.

## VII. REQUEST FOR JURY TRIAL

7.0   Plaintiff requests a jury trial.

## VIII. ALTERNATIVE PARAGRAPH NO. 1

8.0   In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of Defendants herein.

## IX. ALTERNATIVE PARAGRAPH NO. 2

9.0      In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of Defendant herein.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to answer and appear herein, and that upon final trial hereof, Plaintiff has and recovers judgment against Defendants, jointly and severally, in an amount determined by a jury to be a sum over $200,000.00, but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which Plaintiff deemed justly entitled, at law and in equity.

Respectfully submitted,

*/s/ Mark B. Levin*
**MARK B. LEVIN**
TBA No. 12254020
SD No. 10202
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
Tel: 713-661-9900
Fax: 713-666-5922
*Attorney in Charge for Plaintiff*

**OF COUNSEL:**
**STERN LAW GROUP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of February 2020, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court using the CM/ECF system, and was served on counsel as follows:

Mark Lapidus
Andrea C. Peel
Lapidus Knudsen, PC
808 Travis Street, 18th Floor
Houston, Texas 77002

*/s/ Mark B. Levin*
**MARK B. LEVIN**